CV 14        4654        GARAUFIS, J.
                                        BLOOM, M.J.

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X  **VERIFIED COMPLAINT**

SAMUEL GEORGE,

CIV. IND. NO.:

                Plaintiff,                            JURY TRIAL DEMANDED

-against-

GREAT LAKES EDUCATIONAL LOAN SERVICES,
INC. and COMERICA BANK,

                Defendants.

------------------------------------------------------------X

Plaintiffs by their attorney, LAW OFFICE OF ERIKA L. HARTLEY, complaining of the defendants, respectfully alleges, upon information and belief, as follows:

## PARTIES

1. The plaintiff is Samuel George whose permanent residence is 503 E. 53rd Street, Brooklyn, New York 11203.

2. Plaintiff is considered a "consumer" as defined by FDCPA 15 U.S.C. § 1692 a(3).

3. Defendant Great Lakes Educational Loan Services, Inc. (hereinafter "Great Lakes") is a foreign corporation duly licensed and authorized to transact business in the State of New York and is vicariously liable for the actions of its agents.

4. Defendant Great Lakes maintains its principal office at 2401 International Lane in Madison, Wisconsin 53704-3192.

5. Defendant Great Lakes is a debt collector as defined by the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. § 1692a (6).

6. Defendant Comerica Bank is a foreign corporation duly licensed and authorized to transact business in the State of New York and is vicariously liable for the actions of its agent Great Lakes.

7. Defendant Comerica Bank maintains its principal office at 1717 Main Street in Dallas, Texas 75201.

8. Defendant Comerica Bank is a debt collector as defined by the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. § 1692a (6).

## PERSONAL & SUBJECT MATTER JURISDICTION

9. Jurisdiction is based upon 28 U.S.C. § 1391(b), (c) and 15 U.S.C. § 1692k (d), which grants the United States District Court authority to hear this action.

10. A federal Court has pendent jurisdiction to consider state claims on debt collection harassment pursuant to 28 U.S.C. § 1368.

11. This is an action by plaintiff Samuel George for actual statutory, punitive damages, costs and attorneys fees brought against Great Lakes and Comerica Bank seeking redress for its illegal practices concerning the collection of debts based on identity theft, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA") and the New York Fair Credit Reporting Act, General Business Law Art. 25 § 380 et seq. (hereinafter "NYFCRA").

12. Great Lakes violated the FDCPA in failing to reinvestigate disputed and fraudulently obtained PLUS student loans that were secured in plaintiff's name and without his knowledge, consent or signature through defendant Comerica Bank who failed to properly verify the application for PLUS student loans obtained through plaintiff being the victim of identity

theft.

13. On or about October 25, 2013, April 4, 2014, November 19, 2013, June 13, 2014 defendant Great Lakes demanded payment of the PLUS student loans that it knew or should have known to fraudulently taken in the plaintiff's name after it was obtained via the internet, and further, of which it had been notified by the plaintiff was not a valid debt.

14. Great Lakes violated the FCRA and NYFCRA by failing to follow reasonable procedures to assure maximum possible accuracy when submitting information to be publicized in plaintiff's credit reports to Equifax, Experian and Trans Union.

15. Great Lakes and Comerica Bank violated their obligation under the FCRA and the NYFCRA to properly investigate the disputed student loans for which continual payment demands have been made on all dates mentioned herein, and further, in alleging that plaintiff was severely delinquent on said loans without having done an adequate investigation and in falsely claiming that plaintiff's claim of identity theft was frivolous in that the defendants contend that plaintiff acknowledged responsibility for the PLUS loans, claims which plaintiff disputes.

16. Each time the plaintiff was contacted by Great Lakes, he has reiterated that he was the victim of identity theft and provided a police report and supporting documentation. Plaintiff has disputed the claimed student loan debt and alleged default status in writing as relates to the student loans obtained through identity theft.

17. During all periods herein mentioned, Great Lakes forwarded the delinquency letters with knowledge that the plaintiff challenges the student loan account in writing, and further, had cooperated with their requests to provide information for their investigation which failed to include an investigation into how the loans were applied for, who signed the loan applications, and the certification of the loans prior to funds being disbursed.

18. Great Lakes received the plaintiff's disputes, but failed to conduct an adequate investigation and/or reinvestigations and make the corrections required by 15 USC 1681(i).

19. Rather than provide the plaintiff with complete information regarding the challenged debt as was requested in writing on or about thereafter, Great Lakes asserted that the loan which was originated online and without plaintiff's signature(s), knowledge or consent through defendant Comerica Bank was valid and claimed that plaintiff acknowledged responsibility for said PLUS loans and failed to provide the grounds for or explain the basis for their determination. Further, defendants have taken the position that plaintiff's claim of identity theft is frivolous and such position is meritless.

20. Defendant Comerica Bank allowed loans to be initiated through an unsecured website without proper verification being obtained prior to loan funds being dispensed to a third party without the knowledge, consent or ratification of the plaintiff.

21. The loans originating from Comerica Bank were issued through its unsecured website naming Samuel George as borrower without any reasonable verification that plaintiff actually submitted the application(s) for processing before it disbursed funds to a third party.

22. Despite plaintiff providing Great Lakes with the information it requested in order to investigate the claims of identity theft, collection action is still ensuing and the unauthorized fraudulent account is claimed to be in default as aforesaid without any demonstration as to how the alleged PLUS account has been verified to have been initiated by the plaintiff.

23. Upon its determination that the account was in default without a proper and comprehensive investigation being undertaken, have cited that that the plaintiff defaulted on the Comerica Bank PLUS student loan of which it had actual notice was obtained fraudulently in the plaintiff's name at all dates herein mentioned and prior thereto.

24. Upon information and belief, defendants will cause the plaintiff to be subject to further collection action on the fraudulent account.

25. As a result of the defendants actions, plaintiff will be caused to suffer damages to his reputation, creditworthiness and credit rating. Defendant continues collection action as against the plaintiff to his detriment, and further, has continued to cause derogatory information to be filed on plaintiff's credit reports regarding the PLUS loans obtained through identity theft.

26. Defendant Great Lakes has continued to present to demand payment from plaintiff on the fraudulent loans initiated online, without plaintiff's consent and without plaintiff's signature.

WHEREFORE, plaintiff prays that this Court grant judgment containing the following relief:

1. An award of actual and statutory damages pursuant to 15 U.S.C. § 1692k(a);

2. An award of actual and statutory damages pursuant to N.Y.G.B.L §§ 600, 602;

3. An award of such relief as the Court finds fair and equitable to redress, punish and deter further injury to plaintiff from the Defendants' violation of Federal and State law.

4. An award to plaintiff for the costs of bringing and litigating this action, as well as such other and additional equitable relief as the Court may deem just and proper.

Dated: Brooklyn, New York
       July 18, 2014

ERIKA L. HARTLEY (EH7798)
LAW OFFICE OF ERIKA L. HARTLEY
Attorney for Plaintiff
SAMUEL GEORGE
238 Covert Street, Suite 2
Brooklyn, New York 11207

To:  GREAT LAKES EDUCATIONAL
     LOAN SERVICES, INC.
     2401 International Lane
     Madison, Wisconsin  75201

     COMERICA BANK
     1717 Main Street
     Dallas, Texas  75201

## PLAINTIFF'S VERIFICATION

STATE OF NEW YORK )

COUNTY OF KINGS )

SAMUEL GEORGE, being duly sworn, deposes and states the following:

1. I am a plaintiff in the above entitled action.

2. That I am over the age of eighteen (18) years and reside in Richmond County, State of New York.

3. I verify that I have read the foregoing Verified Complaint and that I know the contents thereof; the same is true to my knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

Dated: Brooklyn, New York
July 18, 2014

_____
SAMUEL GEORGE

Sworn to before me this
18th Day of July 2014

_____
Notary Public

ERIKA L HARTLEY
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02HA6063023
QUALIFIED IN KINGS COUNTY
MY COMMISSION EXPIRES 12/12/2014